# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JEFFREY W. ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-4088-CV-C-NKL |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Before the Court are the Motion to Dismiss [Doc. # 12] filed by Defendants Missouri Department of Corrections ("DOC") and George Lombardi, Steve Long, Matt Sturm, and Dave Dormire – all of whom are sued in their official capacities – as well as the Motion to Certify to the U.S. Attorney General that the Constitutionality of Title II of the American with Disabilities Act ("ADA") has been Questioned [Doc. # 17] filed by Plaintiff Jeffrey W. Rogers. For the following reasons, the Court denies the Motion to Dismiss and grants Plaintiff's motion.

## I. Background

The following facts are taken from Plaintiff's Complaint and are assumed true for purposes of the Motion to Dismiss. Plaintiff Rogers has been incarcerated by the State of Missouri since 1995 and is now held at Jefferson City Correctional Center ("JCCC").

Defendants have refused to allow Rogers to have his electric wheelchair, currently with his family, delivered to him at JCCC for his use at his own expense.

Defendant Lombardi is the Director of the Missouri DOC. Defendant Long is the Division Director of the Division of Adult Institutions of DOC. Defendant Sturm is the Deputy Division Director of the Division of Adult Institutions of DOC. Defendant Dormire is the Warden for JCCC. These individual defendants are all sued in their official capacities.

Plaintiff Rogers has a physical impairment that substantially limits one or more of the major life activities, as well as a record of such an impairment, and he has been regarded as having such an impairment. Rogers's use of a non-electric wheelchair and inmate "pusher" does not allow him the full opportunity to participate in services, programs, and activities at JCCC, without discrimination, as would be the case if he had an electric wheelchair. Services, programs, and activities include the dining hall, medical services, educational programs, use of the library, use of the gym and the yard for recreation, social meetings, religious activities, and other functions.

Defendants have instead insisted that they would continue to provide a non-electric wheelchair and pusher and that this is sufficient. At least one other person incarcerated by Missouri DOC, and currently at JCCC, has a personal electric wheelchair.

Plaintiff Rogers has exhausted administrative remedies in his effort to get his personal electric wheelchair delivered to him for his use and at his cost.

Plaintiff's Complaint contains two counts. Count I asserts a violation of the ADA, 42 U.S.C. §§ 12131-12134. Rogers alleges that Defendants subject him to discrimination by

not allowing him to have his electric wheelchair delivered to him, in violation of Section 12132, which provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Count II asserts a similar violation of Section 504 of the Rehabilitation Act, which provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794(a).

Plaintiff's Complaint explicitly states that he is "seeking only injunctive relief to compel Defendants to allow delivery and use (at his own expense) of Rogers's personal electric wheelchair within DOC facilities." [Doc. # 1 at ¶ 3.]

## II. Discussion

### A. Whether Defendants are Immune under the Eleventh Amendment

Defendants first argue that they are entitled to immunity under the Eleventh Amendment because (1) Missouri has not consented to be sued in federal court for alleged violations of the ADA, and (2) Plaintiff Rogers's allegations do not rise to a constitutional violation and therefore Congress did not abrogate Missouri's Eleventh Amendment immunity in these circumstances. In his opposition brief, Plaintiff argues that the *Ex parte Young* doctrine allows individuals to sue state officials in their official capacities for prospective

relief, and thus "no further analysis is required." [Doc. # 16 at 3.] Defendants' reply brief fails to respond to that argument. [Doc. # 20.] Defendants have made no mention at all of *Ex parte Young*.

"Under *Ex parte Young*, 209 U.S. 123, 159-60 (1908), the Eleventh Amendment bars damage relief against the States, but it does not prohibit certain suits seeking declaratory and injunctive relief against state officers." *Dakota, Minn. & Eastern R.R. Corp. v. South Dakota*, 362 F.3d 512, 516 (8th Cir. 2004) (internal quotations and citation omitted). Indeed, "*Ex parte Young* and its progeny teach that a private party may seek prospective injunctive relief in federal court against a state official, even if the state is otherwise protected by Eleventh Amendment immunity." *Randolph v. Rodgers*, 253 F.3d 342, 345 (8th Cir. 2001) (holding that Eleventh Amendment immunity did not bar suit for prospective relief under ADA in prison context).

While Defendants rely heavily on *United States v. Georgia*, that case addressed the issue of "whether a disabled inmate in a state prison may sue the State for money damages under Title II" of the ADA. *United States v. Georgia*, 546 U.S. 151, 153 (2006). Here, Plaintiff's Complaint explicitly states that he is "seeking only injunctive relief to compel Defendants to allow delivery and use (at his own expense) of Rogers's personal electric wheelchair within DOC facilities." [Doc. # 1 at ¶ 3.] Plaintiff sues Defendants only in their official capacities. Defendants have offered no response to Plaintiff's *Ex parte Young* argument. Therefore, on the basis of *Ex parte Young* alone, Defendants' Eleventh Amendment argument fails.

4

Even setting aside *Ex parte Young*, Defendants offer no response to Plaintiff's argument that Title II of the ADA constitutes the exercise of Congress's prophylactic enforcement powers under Section 5 of the Fourteenth Amendment. Moreover, the Eighth Circuit has held that the Rehabilitation Act's "Section 504 is a valid exercise of Congress's spending power, and that Arkansas waived its immunity with respect to Section 504 suits by accepting federal funds." *Jim C. v. United States*, 235 F.3d 1079, 1080 (8th Cir. 2000) (en banc), *cert. denied sub nom. Arkansas Dep't of Educ. v. Jim C.*, 533 U.S. 949 (2001).

### B. Plaintiff's Motion to Certify to the Attorney General

In light of *Ex parte Young*, the Court finds it unnecessary to rule on the constitutionality of Congress's abrogation of Eleventh Amendment immunity in the ADA. However, out of an abundance of caution, the Court grants Plaintiff's unopposed Motion to Certify to the U.S. Attorney General that the Constitutionality of Title II of the ADA has been Questioned. *See* Fed. R. Civ. P. 5.1(b) ("The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned."); 28 U.S.C. § 2403 ("In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General"); *see also Georgia*, 546 U.S. at 155 (noting that the United States "intervened to defend the constitutionality of Title II's abrogation of state sovereign immunity"). "Upon receiving notice, the Attorney General has a right to intervene as a party in the case and present evidence if he so desires." *Oklahoma ex rel. Edmondson*

*v. Pope*, 516 F.3d 1214, 1215 (10th Cir. 2008) (holding that remand was appropriate due to failure of parties and district court to notify Attorney General of constitutional challenge to federal statute).

      **C.**      **Whether Plaintiff's Complaint Fails to State a Claim**

Defendants also argue that Plaintiff Rogers has failed to plead sufficient facts to state a claim under Title II of the ADA and Section 504 of the Rehabilitation Act. On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

The parties agree that the ADA and Rehabilitation Act are, with limited exceptions, governed by the same law and standards. Title II of the ADA "provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation

6

in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Gorman v. Bartch*, 152 F.3d 907, 911-12 (8th Cir. 1998) (quoting 42 U.S.C. § 12132). Similarly, to prevail on a Section 504 claim, "a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds, and (3) he was discriminated against based on his disability." *Id.* at 911 (citations omitted). Thus, "[t]he ADA has no federal funding requirement, but it is otherwise similar in substance to the Rehabilitation Act, and 'cases interpreting either are applicable and interchangeable.'" *Id.* at 912 (quoting *Allison v. Dep't of Corrections*, 94 F.3d 494, 497 (8th Cir. 1996)).

According to Defendants, Plaintiff Rogers's claims are implausible because "[t]here is no factual or rational basis for the conclusion that Plaintiff's wheelchair being powered by an assistant rather than a motor is discriminatory or will affect his opportunities to participate in services, programs or activities." [Doc. # 12 at 5.] Defendants also maintain that Plaintiff "does not specify any benefit [to] which he has been denied access nor how MDOC's accommodations are unreasonable." *Id.*

Under the federal notice pleading standard, however, Plaintiff Rogers's claims are at least plausible. Rogers alleges that his use of a non-electric wheelchair and inmate pusher does not allow him the full opportunity to participate in services, programs, and activities at JCCC, without discrimination, as would be the case if he had an electric wheelchair. Services, programs, and activities include the dining hall, medical services, educational programs, use of the library, use of the gym and the yard for recreation, social meetings,

7

religious activities, and other functions. Whether Rogers was denied "meaningful access" to these services because of his disability is a factual issue which remains to be determined. *See Randolph*, 170 F.3d at 858 ("The record does not contain credible evidence to support a finding that [plaintiff] enjoyed meaningful access to the prison's [service, program, or activity], even if he was capable of limited participation."). Moreover, whether a requested accommodation would constitute an undue burden is an affirmative defense. *Gorman*, 152 F.3d at 911 (citing 29 U.S.C. § 794a(a)(1)). Thus, "[i]t remains to be determined whether [plaintiff] can prove he was discriminated against or denied a benefit or service because of his disability or whether the defendants can show they made reasonable accommodations of his disability or if further accommodation would have been an undue burden." *Id.* at 913 (citing 29 U.S.C. § 794a(a)(1); 42 U.S.C. § 12133); *see also Georgia*, 546 U.S. at 160 (Stevens, J., concurring) ("[A] factual record . . . will surely aid our understanding of issues such as how, in practice, Title II's 'reasonableness' requirement applies in the prison context." (citing *Tennessee v. Lane*, 541 U.S. 509, 531-32 (2004)).

Defendant also argues that Rogers's claims must be dismissed to the extent that they are based on a medical treatment decision. The Eighth Circuit has recently held that a claim under the ADA or Rehabilitation Act cannot be based on medical treatment decisions. *Burger v Bloomberg*, 418 F.3d 882, 885 (8th Cir. 2005). However, according to Plaintiff's Complaint, Rogers is disabled and needs a pusher to operate a manual wheelchair. The Complaint also suggests that JCCC administrators have made a policy decision to deny Plaintiff an electric wheelchair and to assign him a pusher. Thus, Plaintiff's Complaint does

not allege that Defendants' decision was a medical treatment decision, and it would be improper on this Motion to Dismiss for the Court to assume that fact.

In sum, Rogers has presented a facially plausible claim that Defendants' denial of a wheelchair that would allow him to independently participate in programs, activities, and services – including dining hall, medical services, educational programs, use of the library, use of the gym and the yard for recreation, social meetings, and religious activities – denies him meaningful access to those programs, activities, or services. Defendants' arguments on this Motion to Dismiss clarify that they are on notice of what Plaintiff is claiming.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss [Doc. # 12] is DENIED and Plaintiff's Motion to Certify to the U.S. Attorney General that the Constitutionality of Title II of the ADA has been Questioned [Doc. # 17] is GRANTED.

                                                   s/ Nanette K. Laughrey
                                                   NANETTE K. LAUGHREY
                                                   United States District Judge

Dated: August 2, 2011
Jefferson City, Missouri